UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS | * | CRIMINAL NO. B-01-293-01 |
| PEDRO VEGA | * | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE SENTENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States Attorney for the Southern District of Texas, by and through the undersigned Assistant United States Attorney, and files this its Response to Defendant's Petition.

I

The defendant pled guilty to Illegal Reentry, a violation of 8 U.S.C. § 1326(b), on July 27, 2001. The defendant had a prior "aggravated felony", causing a 16 point increase in his offense level. On October 5, 2001, the defendant was sentenced to the Bureau of Prisons for 57 months. Now the defendant has filed a petition to vacate his sentence. It is the defendant's assertion that his "aggravated felony" conviction should not increase his sentence under Section 2L1.2(b)(1)(A), because it was more than fifteen (15) years prior to his sentencing in the present case. This motion should be denied as it is contrary to the letter of the Sentencing Guidelines.

II

The Sentencing Guidelines allow for a defendant's Offense Level to be increased based on prior criminal history. This is laid out in Section 2L1.2. Specifically, the Guidelines allow for a sixteen (16) level increase if the defendant was previously convicted of "a drug trafficking

offense for which the sentence imposed exceeded 13 months". §2L1.2(b)(1)(A). In the present case the defendant's underlying "aggravated felony" was Possession of Marijuana (the defendant was found guilty of possessing and moving 3,000 pounds of marijuana with three other individuals). The defendant was sentenced to five (5) years confinement. *Pre-sentence Report, pg 6.* The defendant argues that because Section Four of the Guidelines lists various limitations on the remoteness of a conviction, these limitations should apply to Section Two as well. This is simply not the case. The *Application Notes* following §2L1.2 set out certain definitions to be applied to this Section. *Number 2* designates the meaning of "aggravated felony" to be that stated in 8 U.S.C. § 1101(a)(43), "without regard to the date of conviction of the aggravated felony". This clearly shows the Sentencing Commission's intent was to allow prior convictions to be applied regardless of remoteness. This plain language cannot be controverted.

In summary, the defendant has asked for his sentence to be vacated where he is not entitled to any relief. The Government respectfully requests the court deny the defendant's motion to vacate sentence.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

TERRA BAY
Assistant United States Attorney
Federal Bar #: 35013   State Bar #: 00796177
600 E. Harrison, #201
Brownsville, Texas 78520
(956) 548-2554 - Tel:   (956) 548-2711 - Fax

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this the __16th__ day of January, 2004, a copy of Government's Response to Defendant's Motion to Vacate Sentence was sent to the defendant.

Terra Bay
ASSISTANT UNITED STATES ATTORNEY