THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO VEGA SANCHEZ,<br>  Defendant-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>  Respondent. | CRIMINAL NO.:<br>B-01-CR-293-01 |

## ORDER

This Court, upon careful consideration of Pedro Vega Sanchez, Petitioner's, Motion to Vacate Sentence, is of the opinion Petitioner's motion should be DENIED.

### FACTUAL BACKGROUND

On or about May 22, 2001, Pedro Vega Sanchez, Petitioner, was knowingly and unlawfully present in the United States after deportation from an aggravated felony conviction, in violation of 8 U.S.C. §1326(a) and (b). Soon after, Petitioner was indicted on the 6th day of June, 2001, and plead guilty to the single-count indictment on the 27th day of July, 2001. A judgement against the Petitioner was filed on October 12, 2001, in which Petitioner was sentenced to 57 months and a 3 year supervised release term.

Prior to the October 12, 2001 conviction, Petitioner had been convicted for felony possession of marijuana on the 17th day of September, 1984. The Petitioner was sentenced to 5 years imprisonment by the 107th District Court of Brownsville, Texas for possession of 2,820 pounds of marijuana, for which the Petitioner served 80 days. Thereafter, on the 17th day of January, 1996, the Petitioner was convicted of bail jumping–failing to appear for trial in the United States District Court, Southern District of Texas for a separate indictment  As a result of the subsequent

convictions, Petitioner was deported to Mexico on October 11, 1996, and again on February 3, 1998.

## PROCEDURAL BACKGROUND

After sentencing on the 15th day of October, 2001, for illegally entering the United States, Petitioner signed and filed a Notice of Non-Appeal on October 10, 2001. Petitioner then filed a Motion to Vacate pursuant to 28 U.S.C. §2255 on the 1st day of November, 2002. Petitioner proceeded in Forma Pauperis, and the Motion to Vacate was denied the 6th day of February, 2003. Again the Petitioner filed an Application to Proceed In Forma Pauperis, in conjunction with an Application for Certificate of Appealability, on the 17th day of March, 2003. Both applications were denied on March 27, 2003. On the 25th day of August, 2003, Petitioner filed a Petition to Reduce and/or Modify Sentence pursuant to 18 U.S.C. §3582, which was subsequently denied the 19th day of November, 2003. Now before this Court is Petitioner's Motion to Vacate Sentence pursuant to FED.R.CRIM.P. 52(b), filed the 15th day of January, 2004.

## ALLEGATIONS

Petitioner alleges the following issue:

1)   Petitioner's 57-month sentence should be vacated as the sixteen (16) level enhancement was erroneously applied for a conviction over fifteen (15) years old.

## ANALYSIS

Upon review of the Petitioner's final presentence investigation report, it is discovered the Petitioner was convicted for possession of marihuana on September 17, 1984 in Cameron County, Texas, Cause No. 83-CR-042-A. Dkt filing No. 13, B-01-CR-293. As a result of the above-mentioned conviction and pursuant to the United States Sentencing Commission, Guidelines Manual, §2L1.2(b)(1)(A) (Nov.2000), Petitioner's offense level was increased by sixteen (16) levels.

U.S.S.G. §2L1.2(b)(1)(A), as applicable in September 2001, reads as follows:

§2L1.2.    <u>Unlawfully Entering or Remaining in the United States</u>
   (a)   Base Offense Level: 8
   (b)   Specific Offense Characteristic
      (1)   If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
         (A)   If the conviction was for an aggravated felony, increase by 16 levels.
         (B)   If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offense, increase by 4 levels.

U.S.S.G. §2L1.2 (Nov. 2000). Reviewing the commentary of U.S.S.G. §2L1.2, "aggravated felony" is defined under 8 U.S.C. §1101(a)(43), "without regard to the date of conviction of the aggravated felony." U.S.S.G., App. C, Am. 632 (Nov. 2001). The term "aggravated felony" means "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. §1101(a)(43)(B). Therefore, Petitioner's possession of marihuana conviction qualifies as an aggravated felony under U.S.S.G. §2L1.2. Due to Petitioner's aggravated felony and a 'base offense level' of eight (8), the 'offense level computation' is increased by sixteen (16), thus reaching an adjusted 'offense level computation' of twenty-four (24).

Petitioner argues U.S.S.G. §4A1.2(e) applies to the calculation of the 'offense level computation.' Petitioner errs in this application. U.S.S.G. §4A1.2(e) is addressed only in the calculation of the 'criminal history computation,' which is a different calculation than the 'offense level computation.' Again, referring to the Petitioner's final presentence investigation report,

3

additional points were not added as a result of the possession of marihuana conviction. Dkt filing No. 13, B-01-CR-293. The absence of additional points is based on the language found in U.S.S.G. §4A1.2(e)(3), which precludes consideration of a conviction more than fifteen (15) years from the commencement of the instant offense. Therefore, Petitioner's conviction occurred more than fifteen (15) years from the instant offense, and is of no consequence for the discussed purpose. The 'criminal history computation' is increased by zero (O), thus reaching a subtotal 'criminal history computation' of six (6).

Through careful review of Petitioner's 'offense level computation' and 'criminal history computation,' this Court finds the 57-month sentence was appropriate and properly calculated pursuant to the applicable United States Sentencing Guidelines. For the reasons set forth above, Petitioner's Motion to Vacate Sentence pursuant to FED.R.CRIM.P. 52(b) is hereby DENIED.

Signed this the 26th day of January, 2004, at Brownsville, Texas.

Filemon B. Vela
United States District Judge