UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States
Southern Dis...
FILED

FEB 6 2004

Michael N. M...,
Clerk of Court

UNITED STATES OF AMERICA )  Criminal Case No.B-01-293-01
)
)
) PETITIONER'S RESPONSE TO GOVERNMENT
) RETURN /ANSWER TO PETITION FOR
VS ) WRIT OF HABEAS CORPUS PURSUANT TO
) SENTENCE MODIFICATION UNDER 28 USC
PEDRO VEGA- SANCHEZ ) §2255

The defendant never disputed the lagality of his conviction, but he does contest the legality of his sentence. For all purposes relevant to this petition, the petitioner concedes, he is guilty of violating Title 8 U.S.C. §1326(b).

The petitioner's argument is that a prior conviction regardless of date of conviction, so long the prior is aggravated, trumps that statue, and that satisfies the stautory criteria to support the basic statutory sentence.

The nature of the felony is as such, that it meets the guideline criteria for an aggravated felony, statutory and guideline respectively, however, for purposes of enhancement the guideline borrows the criteria set out under United States Sentencing Guideline §4A1.2(e).

### USSG 4A1.2(e) Applicable Time Period

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the

> **defendant being incarcerated during any part of such fifteen year period.**

Petitioner argument is not without merit, USSG 4A1.2(e) sets the general criteria for prior convictions and there is no ambiguity in the plain language. In enacting the guidelines congress did not intend for sentences and convictions to be used to enhance sentences for illegal reentry that's more than fifteen years old.

The petitioner belive that he has an equal protection right under the guideline applications. Petitioner complaint is that if the prior conviction that's nearly twenty years old can be used, while other class of inmates are exempt, than an error derives under the equal protection clause. Petitioner believe that he is entitled to equal protection under the laws of the United States, and that if 8 U.S.C. §1101(a)(43) sets the sole criteria then there's ambiquity in the interpretation of the application of the guideline pursuant to prior convictions and sentences because 8 U.S.C. §1101(a)(43) borrows the criteria from USSG 4A1.2 (e), and that subsection prohibits using prior that's more than fifteen years old.

The government's position is totally misplaced, in that the government takes the position that USSG 4A1.2(e) is meaningless. The government correctly states, amended sentencing guideline 2L1.2, application note one makes reference to 8 U.S.C. §1101(a)(43) **without regard to the date of conviction,** not regardless, or dispite of, it just state that the statute doesn't state one way or another.

It's the petitioner's contention that the government is misinterpreting the federal immigration statute, thereby creating an equal protection as to the petitioner. Petitioner ask the court to review the statute 8 U.S.C. § 1101(a)(43), which reads as follows.

## 8 U.S.C. §1101(a)(43)

The term "aggravated felony" means- (A) Murder, Rape, or sexual abuse of a minor; (B) Illicit trafficking in a controlled substance (as defined in section 802 of Title 21, also 841 of Title  ) as applicable in this instant case......therefore the government is correct, the statute makes no mention of how old a conviction can be. All the government's response tells the petitioner is what the petitioner is alleging all alone, that there is no provision that says a prior conviction that's more than fifteen years can be used to enhance a sentence under any federal criminal statute with the exception of the armed career criminal statute. Simply put, the government is saying Title 8 USC §1101(a)(43) doesn't say how old a conviction can be.

   The only criteria in the guidelines that tells a court when a prior can be used based on time is USSG 4A1.2(e)...accordinly, (e)(1) explicitly states that a prior cannot be used that's more than fifteen years old. To hold otherwise will create ambiquity and an equal protection violation. The statute and the guideline to the letter means exactly what it reads. Wherefore, petitioner pray that this court vacate the sentence and resentence the petitioner absent the 16-level enhancement.

                                              Respectfully Submitted

                                              *Pedro Vega Sanchez*
                                              Pedro Vega-Sanchez
                                              Pro Se Petitioner

3

# PROOF OF SERVICE

I, __Pedro Vega Sanchez__, certify that on __January 28, 2004__, 200___ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

**Michael T. Shelby**
**United States Attorney**
**Southern District Of Texas**
**600 E. Harrison Street #201**
**Brownsville, Texas 78520-7114**

## PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the __U.S.D.C. Southern District Of texas__. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this __28th__ day of __January__, 200 __4__.

*Pedro Vega Sanchez*
Name: __Padro Vega Sanchez__
Number: __#51417-079__

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack. 487 U.S. 266 (1988).