UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 23 2004

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA )  Criminal Case No. B-01-293-01
                         )
                         )  **MOTION FOR CERTIFICATE OF**
                         )  **APPEALABILITY**
VS                       )  **AND AFFIDAVIT IN SUPPORT**
                         )
                         )
PEDRO VEGA-SANCHEZ        )

Petitioner filed petition for writ of habeas corpus under Title 28 U.S.C. §2255, and pursuant to Rule 52(b), as amended, under the actual innocent doctrine.

The petitioner alleges that guidelines was inappropriately applied in his case, that the government and the court applied a conviction to enhance his sentence that does not meet the criteria under §4A1.2(e)(3) of the federal sentencing guidelines.[see attached exhibit #1].

The petitioner submit that there is no criteria or authority within the guideline that permits a nineteen year old sentence to be used. The nineteen year old conviction does trump the statute, Title 8 U.S.C. §1326(a) and (b). [ see exhibit #2 ].

The court is correct in its reasoning concerning the language of the statute[see exhibit #3, page #3 of court's decision], it clearly states that the statute doesn't mention dates of conviction, therefore, there is no authority within that statute that gives the court the authority to use priors contrary to §4A1.2(e)(3).[see exhibit #4, Title 8.U.S.C. §1101(a)(43)(B).

1

Even the amended guideline only states the looking at 8 U.S.C. §1101(a)(43)(B) there's no mentioning as to date of conviction, to hold otherwise creates ambiquity and arbritary application. The petitioner believe that if congress wanted such priors to apply, giving the language of §4A1.2(e)(3) it would had said so.

Therefore, based on the foregoing, the petitioner now move this court of competent jurisdiction for an order that petitioner be able to appeal district court denial of writ of habeas corpus and ask the United States Court Of Appeals to resovle the interpretation of the sentencing guidelines as it relates to prior convictions affecting Title 8 U.S.C. §1101(a)(43)(B). Petitioner so pray.

Respectfully Submitted

*Pedro Vega Sanchez*
/Padro Vega Sanchez
Pro Se Petitioner

# PROOF OF SERVICE

I. **Padro Vega Sanchez**, certify that on **February 6, 2004**, 200___ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

**Michael T. Shelby**
**United States Attorney**
**Southern DISTRICT Of Texas**
**600 E. Harrison Street #201**
**Brownsville, Texas 78520-7114**

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the **U.S.D.C. Southern District Of Texas**. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this **6th** day of **February**, 200 **4**.

*Pedro Vega Sanchez*
Name: **Padro Vega Sanchez**
Number: **#51417-079**

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack, 487 U.S. 266 (1988).

## EXHIBIT #1  §4A1.2(e)(3)

       Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)

       Non-support

       Prostitution

       Resisting arrest

       Trespassing.

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

       Hitchhiking

       Juvenile status offenses and truancy

       Loitering

       Minor traffic infractions (e.g., speeding)

       Public intoxication

       Vagrancy.

**(d) Offenses Committed Prior to Age Eighteen**

(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.

(2) In any other case,

    (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

    (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

**(e) Applicable Time Period**

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

(3) Any prior sentence not within the time periods specified above is not counted.

**EXHIBIT #3 Page #3 Court opinion**

**EXHIBIT #3 Page #3 Court opinion**

Cumulative sentencing upon several counts is permissible upon conviction of aiding and abetting illegal entry even though counts arise out of a single transaction. U. S. v. Manjarrez-Arce, S.D.Cal. 1974, 382 F.Supp. 1046, affirmed 504 F.2d 426, certiorari denied 95 S.Ct. 788, 419 U.S. 1112, 42 L.Ed.2d 809.

### 15. Probation

Condition of probation that defendant convicted of entering into sham marriage in violation of Immigration Marriage Fraud Amendments not again violate immigration laws was not abuse of discretion. U.S. v. Mercedes-Mercedes, C.A.1 (Puerto Rico) 1988, 851 F.2d 529, 94 A.L.R. Fed. 611.

Sentence that exceeds maximum allowed by statute is fundamental error which can be raised at any time. Stephens v. State, Fla.App. 2 Dist.1993, 627 So.2d 543.

### 16. Harmless or prejudicial error

In prosecution which resulted in conviction of importing illegal aliens, where defendant had no theory of case other than denial of charge, trial court did not err in refusing defendant's proffered instructions that any alien who is unlawfully in United States may be deported at any time, regardless of entry. U.S. v. Pruitt, C.A.9 (Cal.) 1983, 719 F.2d 975, certiorari denied 104 S.Ct. 536, 464 U.S. 1012, 78 L.Ed.2d 716.

Error in admitting statements made by alien during custodial interrogation before he was advised of his constitutional rights did not necessitate reversal of his convictions of illegal reentry after prior conviction of illegal entry and illegal reentry after prior deportation, in light of overwhelming evidence of defendant's guilt. U. S. v. Casimiro-Benitez, C.A.9 (Cal.) 1976, 533 F.2d 1121, certiorari denied 97 S.Ct. 329, 429 U.S. 926, 50 L.Ed.2d 295.

Affidavit reciting that during preceding five years at least 11 named "illegal" aliens were apprehended on the premises and that a named admitted "illegal" alien had reported that he had worked and lived on the premises for a year and a half and that he knew eight fellow employees to be illegal aliens and six of his 11 fellow residents to be illegal aliens did not provide substantial basis to believe that "illegal" aliens were probably to be found on the premises intended to be searched, in absence of anything more than conclusory assertion to show how the informant knew that his fellow employees and residents were "illegal" aliens. U. S. v. Karathanos, E.D.N.Y. 1975, 399 F.Supp. 185, affirmed 531 F.2d 26, certiorari denied 96 S.Ct. 3221, 428 U.S. 910, 49 L.Ed.2d 1217.

### 17. Limitations

Crime of eluding examination or inspection by immigration officers was completed at time of alien's entry, and was not continuing offense such as to toll statute of limitations so long as alien remained present in United States; criminal prosecution was therefore barred when it was commenced after five-year period of limitations had elapsed. U. S. v. Rincon-Jimenez, C.A.9 (Cal.) 1979, 595 F.2d 1192.

## § 1326. Reentry of removed aliens

### (a) In general

Subject to subsection (b) of this section, any alien who—

   (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed,

unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) **Criminal penalties for reentry of certain removed aliens**

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

    (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;

    (3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence. or

    (4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this title who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under Title 18, imprisoned for not more than 10 years, or both.

For the purposes of this subsection, the term "removal" includes any agreement in which an alien stipulates to removal during (or not during) a criminal trial under either Federal or State law.

(c) **Reentry of alien deported prior to completion of term of imprisonment**

Any alien deported pursuant to section 1252(h)(2) of this title who enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be incarcerated for the remainder of the sentence of imprisonment which was pending at the time of deportation without any reduction for parole or supervised release. Such alien shall be

906



**EXHIBIT #3 Page #3 Court opinion**

**EXHIBIT #3 Page #3 Court opinion**

U.S.S.G. §2L1.2(b)(1)(A), as applicable in September 2001, reads as follows:

> §2L1.2. <u>Unlawfully Entering or Remaining in the United States</u>
> (a) Base Offense Level: 8
> (b) Specific Offense Characteristic
> (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
> (A) If the conviction was for an aggravated felony, increase by 16 levels.
> (B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offense, increase by 4 levels.

U.S.S.G. §2L1.2 (Nov. 2000). Reviewing the commentary of U.S.S.G. §2L1.2, "aggravated felony" is defined under 8 U.S.C. §1101(a)(43), "without regard to the date of conviction of the aggravated felony." U.S.S.G., App. C, Am. 632 (Nov. 2001). The term "aggravated felony" means "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. §1101(a)(43)(B). Therefore, Petitioner's possession of marihuana conviction qualifies as an aggravated felony under U.S.S.G. §2L1.2. Due to Petitioner's aggravated felony and a 'base offense level' of eight (8), the 'offense level computation' is increased by sixteen (16), thus reaching an adjusted 'offense level computation' of twenty-four (24).

Petitioner argues U.S.S.G. §4A1.2(e) applies to the calculation of the 'offense level computation.' Petitioner errs in this application. U.S.S.G. §4A1.2(e) is addressed only in the calculation of the 'criminal history computation,' which is a different calculation than the 'offense level computation.' Again, referring to the Petitioner's final presentence investigation report,

3

**EXHIBIT #4 Title 8 U.S.C.§1101(a)(43)(B)**

(39) The term "unmarried", when used in reference to any individual as of any time, means an individual who at such time is not married, whether or not previously married.

(40) The term "world communism" means a revolutionary movement, the purpose of which is to establish eventually a Communist totalitarian dictatorship in any or all the countries of the world through the medium of an internationally coordinated Communist political movement.

(41) The term "graduates of a medical school" means aliens who have graduated from a medical school or who have qualified to practice medicine in a foreign state, other than such aliens who are of national or international renown in the field of medicine.

(42) The term "refugee" means (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or (B) in such special circumstances as the President after appropriate consultation (as defined in section 1157(e) of this title) may specify, any person who is within the country of such person's nationality or, in the case of a person having no nationality, within the country in which such person is habitually residing, and who is persecuted or who has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The term "refugee" does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion. For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

(43) The term "aggravated felony" means—

    (A) murder, rape, or sexual abuse of a minor;

(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18);

(C) illicit trafficking in firearms or destructive devices (as defined in section 921 of Title 18) or in explosive materials (as defined in section 841(c) of that title);

(D) an offense described in section 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000;

(E) an offense described in—

  (i) section 842(h) or (i) of Title 18, or section 844(d), (e), (f), (g), (h), or (i) of that title (relating to explosive materials offenses);

  (ii) section 922(g)(1), (2), (3), (4), or (5), (j), (n), (o), (p), or (r) or 924(b) or (h) of Title 18 (relating to firearms offenses); or

  (iii) section 5861 of Title 26 (relating to firearms offenses);

(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at[2] least one year;

(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at[2] least one year;

(H) an offense described in section 875, 876, 877, or 1202 of Title 18 (relating to the demand for or receipt of ransom);

(I) an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography);

(J) an offense described in section 1962 of Title 18 (relating to racketeer influenced corrupt organizations), or an offense described in section 1084 (if it is a second or subsequent offense) or 1955 of that title (relating to gambling offenses), for which a sentence of one year imprisonment or more may be imposed;

(K) an offense that—

  (i) relates to the owning, controlling, managing, or supervising of a prostitution business;

  (ii) is described in section 2421, 2422, or 2423 of Title 18 (relating to transportation for the purpose of prostitution) if committed for commercial advantage; or

65