THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 0 2 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEDRO VEGA-SANCHEZ, Defendant-Petitioner, | § § § | CIVIL NO.: B-04-CV-055 |
| v. | § § | CRIMINAL NO.: B-01-CR-293-01 |
| UNITED STATES OF AMERICA Respondent. | § § | |

**ORDER**

Pedro Vega-Sanchez, pro se Petitioner, filed with this Court on the 23rd day of February, 2004, a Motion for Certificate of Appealability and Affidavit in Support. Petitioner asserts misapplication of UNITED STATES SENTENCING COMMISSION, Guidelines Manual, §4A1.2(e)(3) (Nov.2000), in the computation of sentencing. For the following reasons, the motion should be GRANTED.

FACTUAL BACKGROUND

The factual background was set-out in the Order denying Petitioner's Motion to Vacate Sentence, filed January 26, 2004, which gives rise to the current application. Dkt filing No.32, B-01-CR-293-01.

PROCEDURAL BACKGROUND

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 on the 1st day of November, 2002, which was denied February 6, 2003. Dkt filing Nos.1 & 6, B-02-CV-211. Thereafter, Petitioner filed on the 17th day of March, 2003, an Application for Certificate of Appealability in regards to the denied motion. Dkt filing No.7, B-02-CV-211. This Court subsequently denied Petitioner's application. Dkt filing No.9, B-02-CV-211. Petitioner then filed a Petition to Reduce

and/or Modify Sentence pursuant to 18 U.S.C. §3582, and this petition was ultimately denied November 19, 2003. Dkt filing Nos.25 & 27, B-01-CR-293-01. A successive motion to vacate was filed by Petitioner on the 15th day of January, 2004, and thereafter denied January 26, 2004. Dkt filing Nos.29 & 32, B-01-CR-293-01. Now before this Court is Petitioner's Motion for Certificate of Appealability and Affidavit in Support, filed the 23rd day of February, 2004.

## ALLEGATIONS

Petitioner alleges the following ground for relief:

1) The Court applied a 19-year old conviction to enhance Petitioner's sentence contravening the criteria set-forth in UNITED STATES SENTENCING COMMISSION, Guidelines Manual, §4A1.2(e)(3) (Nov.2000).

## ANALYSIS

### I. **Certificate of Appealability**.

In order to appeal the denial of a habeas petition, a certificate of appealability (COA) must be obtained by the defendant. *Alexander v. Johnson*, 211 F.3d 895, 896 (5th Cir.2000). The defendant cannot take an appeal to the court of appeals unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. §2253(c)(1); FED.R.APP.P.22(b). If a defendant files a notice of appeal, a district judge must either issue a COA or state why a COA should not be issued. *Id.* If the district judge denies a COA, the defendant may request a judge of the court of appeals to issue the certificate. *Id.*

A certificate of appealability may only be obtained if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

encouragement to proceed further.'" *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), *reh'g denied*, 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185 (1983)). A COA must indicate which specific issue or issues satisfy the required substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(3).

II. **Successive Petitions.**

Pursuant to Rule 9(b), Rules Governing 28 U.S.C. §2254 Cases in the United States District Courts, a federal court will not entertain a successive or abusive petition. 28 U.S.C. foll. §2254 (1994). A successive petition is a subsequent federal habeas corpus petition which raises allegations identical to those raised and rejected in a prior habeas petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). The defendant's habeas petition is not construed as a successive petition simply because it follows a prior federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). A petition constitutes a successive petition when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*; *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003). A federal court may not reach the merits of a successive claim, unless the defendant shows cause and prejudice and the claims would constitute a "miscarriage of justice." *Kuhlmann*, 477 U.S. at 464; *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

The "actual innocence" exception to successive petitions applies when defendant, through new evidence, establishes "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Wilkerson v. Cain*, 233 F.3d 886, 889 (5th Cir.2000). The application of the "actual

innocence" exception is reserved for exceptional cases, such that a substantial showing of actual innocence is extremely rare. *Schlup*, 513 U.S. at 321-22.

III. **Application.**

On November 1, 2002, Petitioner filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. §2255 in which he alleged four grounds for relief: (1) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) denial of effective assistance of counsel; (3) violation of due process of the law [failure to suppress evidence of conviction over fifteen (15) years old]; and (4) violation of constitutional rights. Dkt filing No.1, B-02-CV-211. This Court rejected Petitioner's grounds for relief, and subsequently denied Petitioner's application for Certificate of Appealability in regards to the motion. Dkt filing No.9, B-02-CV-211. On August 25, 2003, Petitioner filed a Motion to Correct or Modify Sentence pursuant to 28 U.S.C. §3582 in which he alleges one ground for relief: (1) "application notes" to U.S.S.G. §2L1.2, amendment 632, effective November 1, 2001, require Petitioner's "aggravated felony" to receive 8-level enhancement, not 16-level enhancement. Dkt filing No.25, B-01-CR-293-01. Petitioner's ground for relief was rejected by this Court. Dkt filing No.27, B-01-CR-293-01. On January 15, 2004 Petitioner filed a [successive] Motion to Vacate Sentence pursuant to FED.R.CRIM.P 52(b) in which he alleged one ground for relief: (1) evidence of conviction over fifteen (15) years old should be excluded in sentencing pursuant to U.S.S.G. §4A1.2(e). Dkt filing No.29, B-01-CR-293-01. Again, this Court rejected Petitioner's ground for relief, which is the basis for the instant certificate of appealability application. Dkt filing No.32, B-01-CR-293-01.

Petitioner has presently made three meritless attempts to reduce the 57-month sentence entered against him. Again, it is necessary to point out, the possession of marijuana conviction over

19-years old did not result in additional points being added to Petitioner's 'criminal history computation.' Thus, the Court has been presented with no evidence that Petitioner established "cause" for raising the pending issue in successive petitions. Along with not satisfying the "cause" requisite, Petitioner has not met his burden of proving actual "prejudice." Lastly, new evidence has not been brought forth in order to apply the "actual innocence" exception. Petitioner goes as far as to admit "he is guilty of violating Title 8 U.S.C. §1326(b)," in his Response to Government's Answer to Petition. Dkt filing No.33, B-01-CR-293-01. A pattern of impermissible successive petitions by Petitioner appears to be developing before this Court. However, in order for Defendant to file successive petitions, permission must be granted by the "appropriate court of appeals," pursuant to 28 U.S.C. §2244(b)(3)(A). *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000). The applicable language of 28 U.S.C. §2244(b)(3)(A) is as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A jurisdictional issue arises when Defendant fails to apply for permission from the court of appeals. *Key*, 205 F.3d at 774. Thus, this Court did not have jurisdiction to address the successive petition in question.

## CONCLUSION

This Court is faced with a COA appealing a successive habeas petition filed without permission from the Court of Appeals. For this reason alone, Petitioner's Certificate of Appealability will be GRANTED, in order for the Court of Appeals to determine whether Defendant was permitted to file the successive petition in this Court. Upon disposition of this matter by the appellate court, moot or not, this Court was provided with no new evidence, and thus the 57-month

sentence was appropriate and properly calculated pursuant to the applicable United States Sentencing Guidelines and statutory authority.

It is hereby ORDERED, ADJUDGED, and DECREED, the Motion for Certificate of Appealability and Affidavit in Support filed by Petitioner, Pedro Vega-Sanchez, on the 23rd day of February, 2004 be GRANTED for the reason set-forth above.

Signed this the 20th day of March, 2004, at Brownsville, Texas.

Filemon B. Vela
United States District Judge