UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA

v.

Pedro Vega-Sanchez

---

Appeal from order entered in the United States District Court on April 2, 2004 dismissing and denying habeas corpus relief in case of Pedro Vega-Sanchez v. United States, case No. B-04 CV-055. Re: Criminal No.B-01CR-293-01, Brownsville Division, Honorable Filemon B. Vela, United States District Judge.

---

Padro Vega-Sanchez
Reg. No. #51417-079
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

The appellant believe that he has an issue that must be resolved by this court. The appellant believe that the district court erred in using his nineteen year old conviction to enhance his sentence under the indicted statute, Title 8 U.S.C. §1326(b).

While there is no ambiquity in the indicted statute the appellant also reconizes the fact that the statute itself do not authorize any particular sentence. In such a case the United States Sentencing guidelines set forth the sentencing range, where U.S.S.G. Amendment 632 §2L1.2 (1)(A) says increase by sixteen levels, that provision does not provide an overide of U.S.S.G. 4A1.2(e), which sets the general criteria for any prior felony with the exception of the armed career criminal provision, which specifically states that a conviction can be used despite the age of the conviction. That is the sole argument on appeal.

The appellant argument is that a prior conviction ragardless of the date satisfies the statutory requirement for a conviction, however, it does not in itself embodies a penalty, the penalty is the guidelines and in the guidelines there is no penalty provision where such priors can be used except the armed career criminal provision.

The nature of the felony is as such that it does meets guidelines criteria for an aggravated felony. The appellant never disputed the legality of his conviction, but he does contest the lagality of his sentence. And as stated, for all purposes relevant to this appeal, the appellant concedes, he is guilty of violating Title 8UUSS.C. §1326(b).

### USSG 4A1.2(e) Applicable Time Period

(1) Any prior sentence of imprisonment exceeding one year one Month that was imposed within fifteen years of the defendants's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one Month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period............

1

Petitioner argument is not without merit, USSG 4A1.2(e) sets the general criteria for prior convictions and there is no ambiguity in the plain language. In enacting the guidelines congress did not intend for sentences and convictions to be used to enhance sentences for illegal reentry that's more than fifteen years old.

The petitioner belive that he has an equal protection right under the guideline applications. Petitioner complaint is that if the prior conviction that's nearly twenty years old can be used, while other class of inmates are exempt, than an error derives under the equal protection clause. Petitioner believe that he is entitled to equal protection under the laws of the United States, and that if 8 U.S.C. §1101(a)(43) sets the sole criteria then there's ambiguity in the interpretation of the application of the guideline pursuant to prior convictions and sentences. because 8 U.S.C. §1101(a)(43) borrows the criteria from USSG 4A1.2 (e), and that subsection prohibits using prior that's more than fifteen years old.

The government's position is totally misplaced, in that the governmen takes the position that USSG 4A1.2(e) is meaningless. The government correctly states, amended sentencing guideline 2L1.2, application note one mak reference to 8 U.S.C. §1101(a)(43) without regard to the date of convictio not regardless, or dispite of, it just state that the statute doesn't stat one way or another.

It's the petitioner's contention that the government is misinterpreti the federal immigration statute, thereby creating an equal protection as t the petitioner. Petitioner ask the court to review the statute 8 U.S.C. § 1101(a)(43), which reads as follows.

### 8 U.S.C. §1101(a)(43)

The term "aggravated felony" means- (A) Murder, Rape, or sexual abuse of a minor; (B) Illicit trafficking in a controlled substance (as defined in section 802 of Title 21, also 841 of Title  ) as applicable in this instant case......therefore the government is correct, the statute makes no mention of how old a conviction can be. All the government's response tells the petitioner is what the petitioner is alleging all alone, that there is no provision that says a prior conviction that's more than fifteen years can be used to enhance a sentence under any federal criminal statute with the exception of the armed career criminal statute. Simply put, the government is saying Title 8 USC §1101(a)(43) doesn't say how old a conviction can be.

The only criteria in the guidelines that tells a court when a prior can be used based on time is USSG 4A1.2(e)...accordinly, (e)(1) explicitly states that a prior cannot be used that's more than fifteen years old. To hold otherwise will create ambiquity and an equal protection violation. The statute and the guideline to the letter means exactly what it reads. Wherefore, petitioner pray that this court vacate the sentence and resentence the petitioner absent the 16-level enhancement.

Respectfully Submitted

*Pedro Vega Sanchez*
Pedro Vega-Sanchez
Pro Se Petitioner

3

# PROOF OF SERVICE

I, __Padro Vega-Sanchez__, certify that on __May 11, 2004__, 200___ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

Michael T. Shelby
United States Attorney
Southern District Of Texas
600 E. Harrison Street #201
Brownsville, Texas 78520-7114

Clerk Of Court
United States District Court
Southern District Of Texas
United States Federal Building
and Courthouse
600 E. Harrison Street, #101
Brownsville, TX 78520-7114

## PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the __U.S. Court Of Appeals/ Fifth Circuit__   I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this __11th__ day of __May__, 200__4__.

_Pedro Vega Sanchez_
Name: __Padro Vega-Sanchez__
Number: __#51417-079__

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. __Houston v Lack__ 487 U.S. 266 (1988).

THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEDRO VEGA-SANCHEZ, | § | |
| Defendant-Petitioner, | § | CIVIL NO.: |
| | § | B-04-CV-055 |
| V. | § | |
| | § | CRIMINAL NO.: |
| UNITED STATES OF AMERICA | § | B-01-CR-293-01 |
| Respondent. | § | |

### ORDER

Pedro Vega-Sanchez, pro se Petitioner, filed with this Court on the 23rd day of February, 2004, a Motion for Certificate of Appealability and Affidavit in Support. Petitioner asserts misapplication of UNITED STATES SENTENCING COMMISSION, Guidelines Manual, §4A1.2(e)(3) (Nov.2000), in the computation of sentencing. For the following reasons, the motion should be GRANTED.

### FACTUAL BACKGROUND

The factual background was set-out in the Order denying Petitioner's Motion to Vacate Sentence, filed January 26, 2004, which gives rise to the current application. Dkt filing No.32, B-01-CR-293-01.

### PROCEDURAL BACKGROUND

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 on the 1st day of November, 2002, which was denied February 6, 2003. Dkt filing Nos.1 & 6, B-02-CV-211. Thereafter, Petitioner filed on the 17th day of March, 2003, an Application for Certificate of Appealability in regards to the denied motion. Dkt filing No.7, B-02-CV-211. This Court subsequently denied Petitioner's application. Dkt filing No.9, B-02-CV-211. Petitioner then filed a Petition to Reduce

1

and/or Modify Sentence pursuant to 18 U.S.C. §3582, and this petition was ultimately denied November 19, 2003. Dkt filing Nos.25 & 27, B-01-CR-293-01. A successive motion to vacate was filed by Petitioner on the 15th day of January, 2004, and thereafter denied January 26, 2004. Dkt filing Nos.29 & 32, B-01-CR-293-01. Now before this Court is Petitioner's Motion for Certificate of Appealability and Affidavit in Support, filed the 23rd day of February, 2004.

### ALLEGATIONS

Petitioner alleges the following ground for relief:

1) The Court applied a 19-year old conviction to enhance Petitioner's sentence contravening the criteria set-forth in UNITED STATES SENTENCING COMMISSION, Guidelines Manual, §4A1.2(e)(3) (Nov.2000).

### ANALYSIS

**I. Certificate of Appealability.**

In order to appeal the denial of a habeas petition, a certificate of appealability (COA) must be obtained by the defendant. *Alexander v. Johnson*, 211 F.3d 895, 896 (5th Cir.2000). The defendant cannot take an appeal to the court of appeals unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. §2253(c)(1); FED.R.APP.P.22(b). If a defendant files a notice of appeal, a district judge must either issue a COA or state why a COA should not be issued. *Id.* If the district judge denies a COA, the defendant may request a judge of the court of appeals to issue the certificate. *Id.*

A certificate of appealability may only be obtained if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

2

innocence" exception is reserved for exceptional cases, such that a substantial showing of actual innocence is extremely rare. *Schlup*, 513 U.S. at 321-22.

III. **Application.**

On November 1, 2002, Petitioner filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. §2255 in which he alleged four grounds for relief: (1) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) denial of effective assistance of counsel; (3) violation of due process of the law [failure to suppress evidence of conviction over fifteen (15) years old]; and (4) violation of constitutional rights. Dkt filing No.1, B-02-CV-211. This Court rejected Petitioner's grounds for relief, and subsequently denied Petitioner's application for Certificate of Appealability in regards to the motion. Dkt filing No.9, B-02-CV-211. On August 25, 2003, Petitioner filed a Motion to Correct or Modify Sentence pursuant to 28 U.S.C. §3582 in which he alleges one ground for relief: (1) "application notes" to U.S.S.G. §2L1.2, amendment 632, effective November 1, 2001, require Petitioner's "aggravated felony" to receive 8-level enhancement, not 16-level enhancement. Dkt filing No.25, B-01-CR-293-01. Petitioner's ground for relief was rejected by this Court. Dkt filing No.27, B-01-CR-293-01. On January 15, 2004 Petitioner filed a [successive] Motion to Vacate Sentence pursuant to FED.R.CRIM.P 52(b) in which he alleged one ground for relief: (1) evidence of conviction over fifteen (15) years old should be excluded in sentencing pursuant to U.S.S.G. §4A1.2(e). Dkt filing No.29, B-01-CR-293-01. Again, this Court rejected Petitioner's ground for relief, which is the basis for the instant certificate of appealability application. Dkt filing No.32, B-01-CR-293-01.

Petitioner has presently made three meritless attempts to reduce the 57-month sentence entered against him. Again, it is necessary to point out, the possession of marijuana conviction over

4

19-years old did not result in additional points being added to Petitioner's 'criminal history computation.' Thus, the Court has been presented with no evidence that Petitioner established "cause" for raising the pending issue in successive petitions. Along with not satisfying the "cause" requisite, Petitioner has not met his burden of proving actual "prejudice." Lastly, new evidence has not been brought forth in order to apply the "actual innocence" exception. Petitioner goes as far as to admit "he is guilty of violating Title 8 U.S.C. §1326(b)," in his Response to Government's Answer to Petition. Dkt filing No.33, B-01-CR-293-01. A pattern of impermissible successive petitions by Petitioner appears to be developing before this Court. However, in order for Defendant to file successive petitions, permission must be granted by the "appropriate court of appeals," pursuant to 28 U.S.C. §2244(b)(3)(A). *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000). The applicable language of 28 U.S.C. §2244(b)(3)(A) is as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A jurisdictional issue arises when Defendant fails to apply for permission from the court of appeals. *Key*, 205 F.3d at 774. Thus, this Court did not have jurisdiction to address the successive petition in question.

## CONCLUSION

This Court is faced with a COA appealing a successive habeas petition filed without permission from the Court of Appeals. For this reason alone, Petitioner's Certificate of Appealability will be GRANTED, in order for the Court of Appeals to determine whether Defendant was permitted to file the successive petition in this Court. Upon disposition of this matter by the appellate court, moot or not, this Court was provided with no new evidence, and thus the 57-month

5

sentence was appropriate and properly calculated pursuant to the applicable United States Sentencing Guidelines and statutory authority.

It is hereby ORDERED, ADJUDGED, and DECREED, the Motion for Certificate of Appealability and Affidavit in Support filed by Petitioner, Pedro Vega-Sanchez, on the 23rd day of February, 2004 be GRANTED for the reason set-forth above.

Signed this the _____20th_____ day of ___March_____, 2004, at Brownsville, Texas.

Filemon B. Vela
United States District Judge

6